The Honorable R.D. "Rick" Saunders State Representative
114 Burchwood Bay Cove Hot Springs, Arkansas 71913-6784
Dear Representative Saunders:
You have asked for my opinion on what law governs the removal of electioneer commissioners. You ask the following two questions:
 1. If the county election commissioner was a qualified commission or [sic] their term doesn't expire until January 2011, and a new commissioner was appointed Wednesday night to take another commissioner's place, are there now 4 members on the commission — the removed commissioner, the newly appointed commissioner, the newly elected commissioner and an existing commissioner?
 2. Does a County Party Chair have authority to remove an Election Commissioner whom they appointed to serve in their stead?
RESPONSE
In my opinion, the answer to both questions is "no." State law requires that the county election board be composed of only three board members. Thus, there cannot now be "4 members on the commission," as your first question asks. In response to your second question, the party's chair does not have any authority to remove someone they have "appointed to serve in their stead" because the chair lacks authority to appoint someone to serve in his or her stead in the first place. *Page 2 
DISCUSSION Question 1: If the county election commissioner was aqualified commission or [sic] their term doesn't expire untilJanuary 2011, and a new commissioner was appointed Wednesday nightto take another commissioner's place, are there now 4 members on thecommission — the removed commissioner, the newly appointedcommissioner, the newly elected commissioner and an existingcommissioner?
I am not entirely sure I understand the factual background your question is meant to establish. Nevertheless, I will answer your question in the abstract without referencing any particular set of facts. This opinion is not intended to address any specific factual scenario or resolve any particular dispute about the composition of a county board of election commissioners.
State law clearly requires that only three election commissioners serve on county boards of election commissioners.[1]
Further, state law gives specific guidance on who may hold one of those three positions: (1) the chair of the county committee's majority party, (2) the chair county committee's minority party, and (3) "one additional or third member selected by the county committee of the majority party."[2]
The statutes also establish a clear procedure in the event that either party's chair (or both of them) is ineligible to serve on the election commission or simply decides not to serve. If the party chair is ineligible for any reason, "he or she shall not serve as a" commissioner.[3] And, even if eligible, the county chair can simply decide to forgo service as a commissioner.[4] In either event, the statutes provide the same method for filling those positions: "the county committee shall select a resident of the county qualified to serve in his or her stead."[5] Finally, state law *Page 3 
requires that — after the board of county commissioners is established — each commissioner must have a staggered term of three years.[6]
Given all the above, it appears that commissioners are entitled to their seats on the board for the full duration of their terms, unless some legal impediment renders them ineligible for those positions.[7] There is no evidence in the relevant statutes to suggest that the "appointment" of a new commissioner, by itself, disqualifies the original commissioner. Indeed, as noted above, and more fully in response to your second question, when it comes to filling these commissioners' seats, no "appointment" process even exists.
Question 2: Does a County Party Chair have authority to removean Election Commissioner whom they appointed to serve in theirstead?
No. The relevant statutes do not authorize the party's chair to "appoint" someone to serve "in their stead" in the first place. Thus, the chair of the county party lacks any authority to remove someone they "appointed." As explained above, the chairs of the county's majority and minority parties have only two options when it comes to serving on the board of commissioners: choose to serve, or refrain from serving. The parties' chairs do not have the authority to (1) refrain from serving and (2) appoint someone to serve in their stead.
The relevant statutes make this clear. If the party's chair isineligible to serve as a commissioner (for any reason) then "the county committee shall select a resident of the county qualified to serve in his or her stead."[8] Likewise, if the party's chair is eligible to serve and simply chooses not to, then the same procedure must be followed.[9] Therefore, the authority to serve as a commissioner in a seat that would *Page 4 
have gone to a party's chair rests upon the "election" by the commission, not the "appointment" by the party's chair.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 7-4-102(a)(1) (Repl. 2007).
[2] Id.
[3] A.C.A. § 7-4-102(a)(2).
[4] A.C.A. § 7-4-102(a)(3).
[5] A.C.A. §§ 7-4-102(a)(2) (ineligibility) and7-4-102(a)(3) (opting to forgo the seat) (emphasis added).
[6] A.C.A. § 7-4-102(e).
[7] Upon inquiry, it is my understanding that the Arkansas State Board of Election Commissioners interprets these statutes in the same way. An example of an impediment mentioned in the text would be if the commissioner was convicted of a felony after he or she validly assumed the office. See generally Elana Cunningham Wills, Constitutional Crisis: Can the Governor(or Other State Officeholder) Be Removed from Office in a CourtAction after Being Convicted of a Felony, 50 ARK. L. REV. 221 (1997).
[8] A.C.A. § 7-4-102(a)(2).
[9] A.C.A. § 7-4-102(a)(3). *Page 1